Filed 5/7/26  P. v. Robinson CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>GARLON GRADY ROBINSON,<br><br>        Defendant and Appellant. | B340200<br><br>(Los Angeles County<br>Super. Ct. No. MA019803) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Emily J. Cole, Judge.  Reversed and remanded.

Teresa Biagini, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Supervising Deputy Attorney General, and Viet H. Nguyen, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

At a full resentencing conducted while vacating Garlon Grady Robinson's (defendant's) one-year prior prison sentence enhancements pursuant to Penal Code section 1172.75,[1] the trial court declined to consider whether two of defendant's prior "strike" convictions were still valid under the Three Strikes Reform Act of 2012 (Reform Act) (§ 1170.126), denied his request to dismiss those strikes under section 1385, imposed a new 10-year criminal protective order, and re-imposed a $5,000 restitution fine. The People concede that our Supreme Court's recent decision in *People v. Superior Court (Guevara)* (2025) 18 Cal.5th 838 (*Guevara*) warrants reversal for the trial court to consider whether to apply the Reform Act. This concession is well taken, and eliminates the need to address defendant's remaining arguments—except that the court is barred by section 1465.9 from imposing a restitution fine. We accordingly reverse and remand for a full resentencing.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

## FACTUAL AND PROCEDURAL BACKGROUND

### I.    Facts[2]

On a Saturday night in December 1999, defendant got angry with his wife once he learned she had thrown away his marijuana plants.  Enraged, defendant yelled at her, "backhanded [her] twice across her face," grabbed her by the hair, "choked her with both hands," and eventually kicked her in the crotch area while wearing steel-toed boots.  He then destroyed several of their household belongings.  Wife called law enforcement, but when they arrived, defendant admitted only to "trash[ing] the home" and wife did not mention his physical assaults.

After the responding officers left, defendant strangled his wife and also struck her again.  Wife fled to her mother's home and called law enforcement again.  Only *then* did she report the initial assault.  She experienced vaginal pain and bleeding that lasted for weeks, had trouble swallowing, and had bruises on her face.  She also mentioned this was not defendant's first eruption of violence against her.

On January 4, 2000, wife reported that defendant struck her once on the right side of her face, but responding law enforcement officers only noticed a small scratch on her face.

### II.    Procedural Background

#### A.    *Prosecution, conviction, and appeal*

In February 2000, the People charged defendant with (1) assaulting wife with a deadly weapon (namely, the steel-toed boots) (§ 245, subd. (a)(1)); (2) assaulting wife by means likely to

---

**2**    We draw these facts from our prior unpublished opinion in *People v. Robinson* (Apr. 19, 2001, B142456) [nonpub. opn.], of which we take judicial notice (Evid. Code, §§ 459, 452, subd. (c)).

3

cause great bodily injury (§ 245, subd. (a)(1)); and (3) two counts of inflicting corporal injury upon wife, one each for the attack before and the attack after law enforcement responded (§ 273.5, subd. (a)).[3]  The People alleged that defendant had three prior convictions that qualified as "strikes" within the meaning of our Three Strikes Law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(j))—namely, (1) a 1983 conviction for burglary (§ 459), (2) a 1984 conviction for burglary (§ 459), and (3) a 1991 conviction for assault (§ 245, subd. (a)).  The People further alleged that defendant had served a prior prison term for each of those convictions (§ 667.5, subd. (b)).

A jury convicted defendant of the four above-enumerated charges.  Defendant waived his right to a jury trial on the allegations regarding his prior convictions, and the trial court subsequently found them to be true.

The trial court imposed a prison sentence of 51 years to life. The court designated the assault with a deadly weapon as the principal count, and imposed a base sentence of 25 years to life (a third-strike sentence) plus an additional year for one of the prior prison term enhancements.  The court then imposed a consecutive term of 25 years to life (a third-strike sentence) for the assault by means likely to produce great bodily injury count. The court next imposed third-strike sentences of 25 years to life on each of the two counts of inflicting corporal injury on a spouse, but stayed their execution pursuant to section 654.  The court also imposed but stayed a one-year enhancement for a prior prison term on one of the counts.

_____

[3]     The People also charged defendant with inflicting corporal injury upon wife (§ 273.5, subd. (a)) based on her injuries on January 4, 2000, but the jury acquitted him of that count.

4

We affirmed the judgment in an unpublished opinion. (*People v. Robinson* (Apr. 19, 2001, B142456) [nonpub. opn.].)

**B.  *Request for resentencing under section 1170.126***

In October 2014, defendant filed a petition for resentencing pursuant to the Reform Act, which at that time generally authorized a defendant to seek a reduction in sentence for any third-strike sentence for an offense—down to a second-strike sentence of double the usual term—if that offense was not *itself* a "strike" offense.  (§ 1170.126, subd. (b).)  The trial court denied defendant relief, reasoning that defendant's assault with a deadly weapon conviction rendered him ineligible for relief as to *all* four of the third-strike sentences the court had imposed.  Defendant appealed.  We affirmed the court's denial of relief as to the assault with a deadly weapon conviction, but reversed as to the other convictions with third-strike sentences and remanded. (*People v. Robinson* (Sept. 10, 2015, B260635) [nonpub. opn.].)[4]

On remand, the trial court vacated its prior order denying recall of sentence and sought further briefing.  In December 2020, the court ruled that defendant was ineligible for resentencing under the Reform Act because it was true "beyond a reasonable doubt" that defendant had "intended to cause great bodily injury," which rendered third-strike sentences appropriate under section 1170.12, subd. (c)(2)(C)(iii).

Defendant did not appeal.

**C.  *Request for resentencing under section 1172.75***

In late 2022 or early 2023, the California Department of Corrections and Rehabilitation (CDCR) identified defendant as an individual potentially eligible for resentencing under Senate Bill No. 483 (2021-2022 Reg. Sess.), which eliminated the prior

---

[4]  We also take judicial notice of this prior opinion.

5

prison term enhancement for convictions not involving a "sexually violent offense."[5] (§ 1172.75, subd. (a); Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)

In August 2023, defendant (through appointed counsel) filed a petition requesting a full resentencing, including invalidation of the one-year prior prison term enhancements as well as the dismissal of his prior "strike" convictions. The People agreed to dismissal of the prior prison term enhancements but opposed any further reductions in sentence.

Following receipt of defendant's reply brief and a hearing, the trial court struck all of the prior prison term enhancements and dismissed the 1983 burglary conviction as a "strike" (because the record indicated it was a commercial burglary that did not qualify as a strike), but "decline[d to] exercis[e its] discretion" under section 1385 to dismiss the two other "strike" offenses due to defendant's "prior [criminal] history" before the charged crimes and the fact that he was "on parole" when he repeatedly attacked his wife. The court did not address the Reform Act.

The court then imposed a total aggregate sentence of 25 years to life. Specifically, the court imposed a third-strike 25 year to life sentence on the assault with a deadly weapon count. The court also imposed a third-strike 25 year to life sentence on the assault by means likely to produce great bodily injury, but ran it concurrently (rather than consecutively, as in the original sentence). The court imposed third-strike 25 year to life

---

5    Although the record on appeal does not include any document from the CDCR, we infer the CDCR's action from the undisputed presence of enhancements eligible for dismissal under section 1172.75 as well as the trial court's unbidden setting of the matter for "judicial action" and appointment of counsel.

sentences on the two counts of inflicting corporal injury on a spouse, but stayed them under section 654. The trial court also entered a 10-year protective order prohibiting defendant from having contact with his wife and her mother, and ordered defendant to pay a $5,000 restitution fine pursuant to section 1202.4, subdivision (b).

Defendant filed this timely appeal.

## DISCUSSION

In this appeal, defendant contends the trial court erred in (1) not addressing whether three of his four third-strike sentences (that is, all except the assault with a deadly weapon sentence) are valid under the Reform Act, (2) not exercising its discretion to dismiss those "strike" allegations under section 1385, (3) imposing a new 10-year protective order, and (4) re-imposing a restitution fine.

Under section 1172.75, a defendant who is eligible to have a prior prison sentence enhancement stricken is entitled to a full resentencing, at which time the trial court is to "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(1)-(2); see also *People v. Espino* (2024) 104 Cal.App.5th 188, 193, 195, review granted Oct. 23, 2024, S286987; *People v. Green* (2024) 104 Cal.App.5th 365, 373.)

In *Guevara, supra*, 18 Cal.5th at pp. 849-850, our Supreme Court held that a trial court engaged in a full resentencing under section 1172.75 must apply the Reform Act, including its provision according trial courts a "discretionary . . . override"—as to defendants who would otherwise be eligible for relief—*not* to grant relief if the court "determines that resentencing the

7

[defendant] would pose an unreasonable risk of danger to public safety."**6** (§ 1170.126, subd. (f); *Guevara*, at pp. 861-862, 865-866, 878.)

Because the trial court in conducting the full resentencing under section 1172.75 did not apply the Reform Act *at all*, the parties agree that reversal and remand are necessary so that the trial court may consider whether the Reform Act would apply to the third-strike sentence running concurrent to the principal term and the two third-strike sentences that are stayed—and, if so, whether exercise of the court's "discretionary . . . override" is warranted. We agree with the parties. On remand, the court may also entertain any further requests to dismiss the prior "strike" convictions under section 1385, subdivision (a)—but not under section 1385, subdivision (c). (*People v. Burke* (2023) 89 Cal.App.5th 237, 243-244). The parties may additionally develop facts and legal argument regarding the propriety of imposing a 10-year restraining order pursuant to section 136.2, subdivision (i)(1). However, the court may not impose a restitution fine pursuant to section 1202.4, subdivision (b) because the 2025 amendment to section 1465.9 provides that a restitution fine "expir[es]" "10 years after the date of imposition" (Stats. 2024, ch. 805, § 1); because the restitution fine in this case was imposed

---

**6**      Although section 1172.75 also has a provision that requires any resentencing under that section to "result in a lesser sentence than the one originally imposed" "unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety" (§ 1172.75, subd. (d)(1)), that standard—including its heightened standard of proof—is distinct from the "public safety" consideration that courts are to apply under the Reform Act. (*Guevara, supra*, 18 Cal.5th at pp. 852-853.)

over 25 years ago, it expired and may not be reimposed (accord, *People v. Salstrom* (2025) 117 Cal.App.5th 596, 601 [so holding], review granted Mar. 11, 2026, S295038).

## DISPOSITION

The judgment is reversed, defendant's sentence is vacated, and the case is remanded to the trial court to conduct resentencing consistent with this opinion and the holding in *Guevara*.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.
HOFFSTADT

We concur:


_____, J.
MOOR


_____, J.
KIM (D.)

9